## NORTHUMBERLAND v. COÖS.

*Practice.* Notwithstanding the statute does not require that the name of the town, its agent, or an individual, instituting or carrying on a prosecution for a violation of the law under section 21 of chapter 99, General Statutes, as amended by section 7 of chapter 3, Laws of 1870 (1 Session Laws 403), shall be entered upon the docket, or appear upon the records of the court in connection with the prosecution, such an entry is recommended as practically convenient, by way of giving notice to the county commissioners, and an opportunity to investigate a claim against the county to recover one half of the fine collected through such prosecution.

If such entry be not made, the court, nevertheless, upon sufficient evidence, may enforce the claim.

A disagreement between a claimant and the county commissioners, relative to a claim of the town of Northumberland against the county, is laid before the court for decision under the provisions of chapter 24, section 10, of the General Statutes.

---

"At a legal town meeting, duly notified, and held in Northumberland on the 8th day of March, 1870, the following votes were passed :

"*Voted*, To appoint an agent for the suppression of the sale of intoxicating liquors sold contrary to law in town.

"*Voted*, That Edward F. Bucknam be said agent."

In pursuance of the authority conferred upon him by these votes of the town, Mr. Bucknam appeared before the grand jury at the November trial term, 1870, of the supreme court in this county, and complained against Patrick Tuey, Asaph Converse, John B. Melcher, and Albert M. Kimball, for a violation of the laws relating to the sale of spirituous liquors, and produced witnesses in support of his complaints. Indictments were preferred against these several parties. The respondents severally pleaded guilty, and were severally fined $50 and the costs of prosecution, all which fines and costs have been paid into the treasury of the county. The attorney-general was present, and conducted the prosecutions before the grand jury and the court. Mr. Bucknam advanced fees to some witnesses, but these fees were allowed and paid by the county, and subsequently taxed in the bill of costs imposed upon and paid by the respondents.

Neither the name of the town or its agent, as complainant or prosecutor, was entered upon the docket or the records of the court.

The claim of the town for $100, being one half the amount of the fines received by the county from these respondents, was made by the town, through their said agent, upon the county commissioners, who declined to pay it.

FOSTER, J. Section 21 of chapter 99 of the General Statutes, as amended by section 7, chapter 3 of the Laws of 1870, provides that "the selectmen of every town shall prosecute, at the expense of the town, every person guilty of a violation of any previous section of this chapter, of which they can obtain reasonable proof; but this provision shall not be construed to prevent any person from making complaint, and instituting and carrying on prosecutions for such offences ; and such complainant, whether a town or city, by its officers or an individual, shall be entitled to one half of every fine collected through such prosecutions."

A previous section of the same chapter provides for the punishment, by fine, of unauthorized persons selling, or keeping for sale, spirituous liquor. Gen. Stats., ch. 99, sec. 13.

Neither the selectmen nor an individual can institute or carry on proceedings for a violation of any law, except under the established forms of complaint and indictment, controlled and managed by the public officers of the State, provided for the conduct and administration of the criminal law. *State* v. *Smith*, 49 N. H. 155.

The statute under consideration was undoubtedly intended to encourage and stimulate the prosecution and enforcement of the laws for the suppression of intemperance, by holding out inducements to persons, not charged with a legal duty in the premises, to aid in the pro-

motion of the public benefits intended to be promoted and secured by the punishment of offenders against the laws; and no reason is suggested, nor are we able to conceive of any, why the town of Northumberland is not entitled to one half the fines collected through these prosecutions, instituted and carried on by their agent by means of the recognized forms and by the aid of the proper officers of the law.

The statute does not require that the name of the town or its agent shall be entered upon the docket, nor appear upon the records of the court in connection with the prosecution, though such an entry upon the records is recommended by us as practically convenient, by way of giving notice to the county commissioners, and an opportunity to investigate the validity of a claim against the county.

It is not important in any view concerning the expenses of the prosecution, which are imposed upon the town or upon an individual prosecuting unsuccessfully, but which are paid by the respondent in the name of costs in case of a conviction.